This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                             **NO. 30,184**

**LILLIE CURLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals from the judgment, sentence and order partially suspending sentence, convicting her of DWI, first offense; failure to renew registration; no insurance; and open container. [RP 115] Defendant raises two issues on appeal,

contending that the district court erred (1) in failing to grant Defendant's motion for a directed verdict for the State's failure to identify Defendant as the person who committed the crime charged [DS 6]; and (2) in finding Defendant guilty of DWI after stating that there was no evidence beyond a reasonable doubt of her impairment, but only of bad judgment [DS 7].

This Court's calendar notice proposed summary affirmance. [CN1] Defendant has filed a memorandum in opposition that we have duly considered. [MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

**Issue 1 - Defendant's Identity**

"A motion for a directed verdict challenges the sufficiency of the evidence[.]" *State v. Armijo,* 1997-NMCA-080, ¶ 16, 123 N.M. 690, 944 P.2d 919. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176; *see State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder [in this case, the district court judge] to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

At the district court trial de novo, Officer Franch, the officer who stopped Defendant's vehicle and investigated her for the crimes charged, was asked if Defendant was in the courtroom, to which he replied, "Yes." [DS 5; MIO 2-3] Defendant argues that the district court should have granted her a directed verdict because the officer did not specifically identify Defendant as the person he pulled over. [DS 5] We disagree.

When Defendant moved for a directed verdict on this point, the district court took judicial notice that there were five people in the courtroom, the court was acquainted with four of them, and thus would assume that the one person unknown to the court was Defendant. [DS 5-6; RP 101] In addition, the State presented a DVD of the stop, showing Defendant performing the field sobriety tests. [RP 102] The officer testified in district court about Defendant's performance of the field sobriety tests. [RP 98-100] The district court further stated that Defendant had admitted that she had had a magistrate DWI trial prior to the district court trial de novo. [RP 101, last line]

We hold that the State presented substantial evidence from which the fact finder, here the district court judge, could conclude beyond a reasonable doubt that Defendant was the person Officer Franch pulled over on or about January 30, 2009, and investigated for DWI and other crimes, and that this Defendant was presently

3

before the district court on a de novo appeal from magistrate court convictions for the same alleged crimes. As such, we hold that the State presented substantial evidence for the case to proceed past Defendant's motion for a directed verdict.

In this regard, moreover, Defendant's memorandum indicates that when Defendant testified on her own behalf, she acknowledged being the driver who was pulled over by Officer Franch. [MIO 8] Accordingly, we affirm the district court's decision to deny Defendant's motion for a directed verdict, and we hold that Defendant's identity as the person who was pulled over by Officer Franch to investigate her for DWI was supported by substantial evidence.

**Issue 2 - Defendant's Impairment**

This issue challenges the sufficiency of the evidence to support Defendant's DWI conviction, pursuant to the standard of review set forth in Issue 1. In this case, Defendant was tried before a jury in magistrate court, and Defendant's trial de novo in district court was a bench trial. In order for the fact finder, here the district court judge, to convict Defendant of DWI, the State must prove the following elements of the crime beyond a reasonable doubt: (1) Defendant operated a motor vehicle; (2) at the time Defendant was under the influence of intoxicating liquor, that is, as a result of drinking liquor Defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle

4

a vehicle with safety to the person and the public; (3) this happened in New Mexico on or about January 30, 2009; and (4) Defendant acted intentionally when she committed the crime. [RP 73, 74]

In the docketing statement and the memorandum, Defendant asserts that, following closing arguments, the district court judge rendered the verdict, stating that she was not convinced beyond a reasonable doubt following the State's case that Defendant was driving impaired, but that following Defendant's testimony, the court felt that "[Defendant] had not exercised good judgment." [DS 7; MIO 3-4] As such, Defendant contends that there was not evidence beyond a reasonable doubt of Defendant's impairment, but only of bad judgment. [Id.] We disagree.

The detailed log of the trial indicates that counsel and the district court judge discussed at length whether the evidence showed that Defendant was impaired to the slightest degree. [RP 103-104] We note that Defendant's memorandum does not dispute that facts relied upon in the calendar notice. *See, e.g.*, *State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

At trial, the State presented evidence that Defendant's truck came to the attention of the officer because it was traveling almost twenty miles per hour under

5

the speed limit (the memorandum states fifteen miles under the speed limit, (MIO 1) and a check of the MVD records showed that the vehicle registration was expired. [RP 97; MIO 1] Officer Franch testified that Defendant's vehicle and her breath and person smelled of alcohol when she exited the vehicle. [RP 98] Defendant performed poorly on the field sobriety tests, which led to her arrest for DWI. [RP 98-101; MIO 2] Defendant's deficient performance on the field sobriety tests was explained in detail by the officer at trial and documented on the DVD played for the district court judge. [Id.] Defendant testified at trial, admitting that she had been drinking, that the passengers in the vehicle were all drinking, and that she was going to a back road and out for a drive somewhere. [RP 101-03; MIO 1, 3] After Defendant performed poorly on the field sobriety tests, Defendant was arrested and an inventory search of the vehicle revealed open containers, an unopened eighteen-pack and two other six-packs of unopened beer. [DS 4; MIO 2] When rendering its verdict, the district court noted that Defendant's testimony "[was] honest to a fault," that the standard, impaired to the slightest degree, was a very low standard, and that the Defendant was not exercising clear judgment by "cruising with all that alcohol in the car." [RP 104; MIO 3-4]

Based on the officer's testimony and a DVD of Defendant's deficient performance on the field sobriety tests, the officer's testimony of the odor of alcohol on Defendant's breath and person, and Defendant's admissions, we hold that the State

presented substantial evidence that, as a result of drinking liquor Defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public. We affirm Defendant's conviction for DWI.

**CONCLUSION**

We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**